LEMUEL T. BARTON

*v.*

THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

1. COMMISSION OF CLAIMS—*power conferred upon by statute creating.* The statute creating the Commission of Claims provides that the Commission shall have power to hear and determine all claims against the State for taking or damaging private property by the State for public purposes in the construction or for the use of any State institution, river, canal, or other public improvements which have not been already barred by any statute or laws of limitations.

2. STATUTE OF LIMITATIONS—*provision of act of 1847.* An act of the General Assembly of the State of Illinois to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claim may have arisen, and any claim not presented and proved up as above and filed shall be forever barred from payment by the State.

*Fairbanks v. the State, ante page 1* followed.

The petition filed in the above case alleges that the claimant, Lemuel T. Barton, is the legal owner of the lands described in the petition, to-wit:  The west half (W. ½) of the northeast quarter (N. E. ¼) of section thirty-six (36) in township eight (8), north range seven (7), east of the 4th P. M.

That for years prior to the erection of the Copperas Creek dam these lands had been farmed and cultivated; that only a part of said lands were subject to overflow before said dam was built and then only at times of extreme high water.  That the overflow prior to the erection of the dam did not in any way prevent the cultivation of said land.  That by reason of the erection of the Copperas Creek dam the water from the Illinois river has so overflowed the said land as to render said land entirely worthless.

The Attorney General on behalf of the State files his plea setting up as a defense the statute of limitations.

The statute creating the Commission of Claims provides that the Commission shall have power to hear and determine all claims against the State for taking or damaging private property by the State for public purposes in the construction or for the use of any State institution, river, canal, or other public improvements which have not been already barred by any statute or law of limitations.

An Act of the General Assembly of the State of Illinois to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claim may have arisen, and any claim not presented and proved up as above and filed shall be forever barred from payment by the State.

The petition was filed in this case April 16, 1880, more than two years after the erection of Copperas Creek dam, said dam having been completed October 21, 1877; and the only claim for damages in this case is the construction of said dam. The claim not having been filed with the Auditor of Public Accounts as required by the statute of 1847, is now barred by the statute of limitations, and for that reason is rejected. For further particulars reference is had to the opinion filed in the case of Wm. R. Fairbanks for use of First National Bank of Lacon against the State of Illinois.